IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELORES E. KOUGH,                )
                                 )
            Plaintiff,           )
                                 )
      vs.                        )   Civil Action No. 10-44-J
                                 )
MICHAEL J. ASTRUE,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
            Defendant.           )


O R D E R

AND NOW, this 9th day of March, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act. In so finding, the Court notes that although, in any event, substantial evidence supports the ALJ's finding that Plaintiff's sleep apnea, hypothyroidism, and osteoma did not significantly limit her ability to do basic work activities, such a determination has little relevance, as Plaintiff's claim was not denied at Step Two of the five-part analysis. The Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's other alleged impairments to be non-severe.

The Court does note, however, that even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, *even those that are not 'severe.'*" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996) (emphasis added). See also 20 C.F.R. § 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Regardless, nothing in the record demonstrates that Plaintiff's sleep apnea, hypothyroidism, or osteoma created any limitations or restrictions inconsistent with the ALJ's determination of Plaintiff's RFC.

The Court further notes that Plaintiff appears to request that the Court consider medical records that were considered by the Appeals Council in its December 16, 2009 decision, but that were not considered by the ALJ in issuing his September 25, 2009 opinion. It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Accordingly, the Court cannot rely on these documents in making its determination here.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to
> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for failure to

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

                                    s/Alan N. Bloch
                                    United States District Judge

ecf:      Counsel of record

---

        incorporate such evidence into the record in a prior proceeding.

Therefore, to remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if she had, the Court would deny the request because Plaintiff has failed to meet her burden.

     As the Government points out, the additional medical information is cumulative of, and in some cases duplicative of, evidence already in the record. Compare (R. at 327, 328-30) with (R. at 338, 348-50). Regardless, the evidence is not material because there is no reasonable possibility that the records would have changed the outcome of the determination. The records discuss the effects of impairments which are already well-established in the record. They do not indicate any substantial change in Plaintiff's condition that would affect her ability to work, nor do they contradict the ALJ's findings regarding Plaintiff's residual functional capacity. Further, even if the proffered evidence were new and material, Plaintiff provides no basis for establishing good cause for not having incorporated the proffered new evidence into the administrative record. To the contrary, when asked at the hearing if there were any additional medical records outstanding, Plaintiff's counsel indicated that there was nothing else to present. (R. at 39). No explanation is given for failing to provide the proffered new evidence, all of which pre-dates the ALJ's decision, to the ALJ.

     Accordingly, for all of the above reasons, a new evidence remand is not warranted.